IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
In re:                         )
                               )
DENNIS RICHMOND,               )
                               )
          Debtor,              )
                               )
_____)
                               )
DFWMM HOLDINGS LLC,            )
                               )
          Appellant,           )
                               )
     v.                        )     1:19CV667
                               )
DENNIS RICHMOND,               )
                               )
          Appellee.            )
```

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Appellant DFWMM Holdings LLC ("Appellant") appeals the findings contained in the April 24, 2020 Memorandum Opinion, (Doc. 15-5), and the corresponding Order, (Doc. 15-6) of the United States Bankruptcy Court for the Middle District of North Carolina (the "Bankruptcy Court"). (Docs. 12, 18.) Those findings and related order dismiss Appellant's claims for nondischargeability of Debtor-Appellee Dennis Richmond's ("Debtor") prior court judgments, holding that Count 2 of the

Complaint, (Doc. 15-7), should be dismissed, (Doc. 15-5 at 6).[1] The Bankruptcy Court held that Debtor did not have fraudulent intent for his false statements as he reasonably relied on advice of Counsel. (Id.) Debtor did not file a brief in response to Appellant's Brief.

This court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. The matter is ripe for ruling. This court has jurisdiction pursuant to 28 U.S.C. § 158(a)(1). For the reasons set forth herein, this court affirms the ruling of the Bankruptcy Court. (Docs. 15-5, 15-6.)

I. **FACTUAL AND PROCEDURAL BACKGROUND**

This appeal is the second appeal to this court by Appellant in this proceeding. This court issued its Memorandum Opinion and Order ("March Order") on March 9, 2020, resolving the issues in the first appeal by affirming the Bankruptcy Court as to all matters, with one exception. (Doc. 11 at 24-25.) This court vacated the Bankruptcy Court's Order as to Count Two and remanded the case to the Bankruptcy Court to permit the

---

[1] All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

Bankruptcy Court to make additional findings with respect to the affirmative defense of advice of counsel in absolving the Debtor of fraudulent intent as to any misstatements. (Id. at 16-25.) This court incorporates by reference the Factual and Procedural Background set out in the March Order and the analysis of the advice of counsel issue. (Id. at 2-6, 16-25.)

Following remand, the Bankruptcy Court entered its Memorandum Opinion, (Doc. 15-5), and Order, (Doc. 15-6), addressing the issues raised by this court resulting in remand. Appellant presents one issue: whether the Bankruptcy Court erred in finding that Debtor proved the affirmative defense of reliance upon counsel. (Appellant's Br. (Doc. 18) at 9.) Appellant contends that Debtor failed to raise the defense of counsel in any pleading, failed to make an argument concerning the defense at trial, and failed to present any evidence of that defense at trial. (Id.)

II. **STANDARD OF REVIEW**

On appeal from a bankruptcy proceeding, this court review the Bankruptcy Court's legal conclusions de novo and its factual findings for clear error. In re Jenkins, 784 F.3d 230, 234 (4th Cir. 2015).

> Under the clear error standard, a reviewing court must affirm the lower court's findings of fact so long as they are plausible in light of the record viewed in its entirety, even if the reviewing court might have

> reached a different conclusion. <u>Anderson v. City of Bessemer City</u>, 470 U.S. 564, 573-74, 105 S. Ct. 1504, 84 L.Ed.2d 518 (1985). "Deference to the bankruptcy court's factual findings is particularly appropriate when, as here, the bankruptcy court presided over a bench trial in which witnesses testified and the court made credibility determinations." <u>Fairchild Dornier GMBH v. Official Comm. of Unsecured Creditors (In re Dornier Aviation (N. Am.) Inc.)</u>, 453 F.3d 225, 235 (4th Cir. 2006).

<u>Robinson v. Worley</u>, 540 B.R. 568, 573 (M.D.N.C. 2015), <u>aff'd</u>, 849 F.3d 577 (4th Cir. 2017).

### III. <u>ANALYSIS</u>

Reliance on advice of counsel is an affirmative defense that absolves a debtor of fraudulent intent when two conditions are met: first, that the attorney was fully informed at the time the advice was given, and second, the debtor's reliance on the advice was reasonable. <u>Robinson</u>, 849 F.3d at 586.

### A. <u>Failure to Plead an Affirmative Defense or Failure to Argue</u>

Appellant argues, in conclusory fashion, that Debtor failed to argue the affirmative defense of reliance upon counsel. (Appellant's Br. (Doc. 18) at 20-21.) This court does not find that the Bankruptcy Court erred by considering the affirmative defense and that, even if there is error, it is harmless.

To the extent that Debtor did not expressly raise the issue of reliance upon counsel, this court finds that Debtor raised the issue of reliance upon counsel when he denied in his Answer,

- 4 -

(Doc. 15-8 ¶¶ 15-19), the fraud alleged in the Complaint, (Doc. 15-7 ¶¶ 15-20). This court further finds that all of the information necessary to the Bankruptcy Court's findings of reliance upon counsel in its August 24, 2020 Memorandum Opinion, (Doc. 15-5 at 3-5), had been previously disclosed to the parties, (Doc. 15-2 at 5-7; Doc. 11 at 21-24). Following this court's remand for further findings on this issue, (Doc. 11), Appellant did not seek relief in the Bankruptcy Court, (see Doc. 12). Because Appellant has not raised this issue in the Bankruptcy Court either before or after either appeal, he cannot raise it here in the first instance.

Moreover, this court finds that Appellant fails to identify any specific harm he has suffered, other than a general conclusion that he would have conducted discovery to test the defense or to argue against it at trial. (Appellant's Br. (Doc. 18) at 21.) Appellant does not identify what discovery he would have conducted. (Id.) For these reasons, this court finds that, any error, if it occurred, was harmless.

B. **The Bankruptcy Court's Findings**

This court finds that the Bankruptcy Court did not err by finding that Debtor acted without fraudulent intent, as the Bankruptcy Court had a sufficient basis from which to conclude that Debtor's counsel was fully informed at the time he provided

- 5 -

advice to Debtor and that Debtor's reliance on Counsel's advice was reasonable. Robinson, 849 F.3d at 586.

As this court found in the first appeal, nondischargeability occurs if the debtor makes a false oath or account. (Doc. 11 at 17.) The Bankruptcy Court found that Debtor had made certain false statements, (see id. at 20), but the statements were not made with fraudulent intent, (id. at 20-21). In its order issued following this court's remand, the Bankruptcy Court clearly explained its findings that Debtor provided counsel with all necessary facts and that Debtor reasonably relied upon counsel. (Doc. 15-5 at 3-6.) The Bankruptcy Court also reviewed the schedules and the record before making its determination. (Id.)

Appellant argues that "[t]here was no evidence presented nor testimony in the transcript of the proceedings that supports any of these findings," referring to the Bankruptcy Court's findings as to counsel's assistance in preparing Schedule I and listing gross income. (Appellant's Br. (Doc. 18) at 14.) This court disagrees with Appellant. First, and most notably, the Bankruptcy Court considered and relied upon the Petition and schedules without objection from either party. (See Doc. 15-2 at 3-5.) Those schedules were filed by Debtor with assistance from

counsel. (See id.) The Voluntary Petition, Official Form 101, contains the following certification by counsel:

> I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. <u>I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b)and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.</u>

(Doc. 5-4 at 7 (emphasis added).) The Bankruptcy Court considered the totality of the relevant circumstances, including the fact that "Counsel prepared the petition for Debtor," (see, e.g., Doc. 15-5 at 3), that Counsel was "in possession of Debtor's tax returns," (id. at 4), and the information related to Debtor's motorcycle, (id. at 5). The Bankruptcy Court had the opportunity to hear the testimony, review the evidence including the petition and related schedules, and apply the appropriate legal standard.

Based on the evidence before the Bankruptcy Court, this court finds that the Bankruptcy Court did not err in finding that Debtor relied on Counsel to distinguish between consumer debts and business debts, and that this reliance was reasonable because he is not a bankruptcy professional. (Id. at 3.) This court further finds that the Bankruptcy Court had sufficient

- 7 -

evidence from which to conclude that it was reasonable that Debtor relied on Counsel's advice in determining his gross income, as it was clear at trial that Debtor did not have a background in taxes or finance and that he was unclear what the term, "gross income" meant. (Id. at 4.) Finally, this court finds that Debtor's failure to list his Harley Davidson motorcycle on his schedules can, as the Bankruptcy Court found, be attributed to Debtor's reasonable reliance on the advice of Counsel, because Debtor was forthcoming with Counsel about the who paid for and maintained the motorcycle, and that Debtor was confused about the difference between equitable and legal interests. (Id. at 5.) A comparison of the information provided to Counsel and the various schedules, as well as Debtor's testimony at trial, support the findings of the Bankruptcy Court.

For these reasons, this court finds that the evidence upon which the Bankruptcy Court based its findings is sufficient to find that Debtor's counsel was fully informed at the time he provided advice to Debtor and that Debtor's reliance on Counsel's advice was reasonable. Robinson, 849 F.3d at 586. This court finds the Bankruptcy Court's factual findings are not clearly erroneous and the conclusions of law should be affirmed.

**IV. CONCLUSION**

For the foregoing reasons, this court affirms the order and judgment of the Bankruptcy Court. (Doc. 15-6.)

**IT IS ORDERED** that the Bankruptcy Court's order and judgment, (Doc. 15-6), is **AFFIRMED**.

This the 30th day of March, 2021.

                                        /s/ William L. Osteen, Jr.
                                        United States District Judge